Filed 10/3/23  P. v. Castaneda CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085424 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 12-CM-1522HTA) |
| ISAAC SCOTT CASTANEDA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Randy L. Edwards, Judge.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Isaac Scott Castaneda (appellant) was convicted after a jury trial of premeditated attempted murder with firearm and gang enhancements, and sentenced to 25 years plus 45 years to life.

In 2023, the trial court denied appellant's Penal Code[1] section 1172.6 petition for resentencing. On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted a supplemental brief raising several issues. We will address his contentions and affirm the trial court's denial of his petition.

## PROCEDURAL SUMMARY

On August 6, 2013, a second amended information was filed in the Superior Court of Kings County charging appellant with count 1, premeditated attempted murder (§§ 664/187, subd. (a)), with personal use and discharge allegations (§12022.53, subds. (b), (c)); and count 2, possession of a firearm by a felon (§ 29800, subd. (a)(1)); with gang enhancements as to both counts (§ 186.22, subd. (b)(1)) and prior conviction allegations. On the same day, appellant's jury trial began.

### The Jury Instructions

The court instructed the jury on the elements of count 1, attempted murder: "To prove that the defendant is guilty of attempted murder, the People must prove that, one, the defendant took at least one direct but ineffective step toward killing another person; and, two, the defendant intended to kill that person…. A direct step indicates a definite and unambiguous intent to kill."

---

[1]     All further statutory citations are to the Penal Code.

The jury was further instructed that if it convicted appellant of attempted murder, it had to decide whether he committed the offense "willfully and with deliberation and premeditation." "The defendant acted willfully if he intended to kill when he acted. The defendant deliberated if he carefully weighed the considerations for and against his choice and knowing the consequences decided to kill. The defendant premeditated if he decided to kill before acting."

The jury was separately instructed on the elements of count 2, and the firearm and gang enhancements.

The jury was not instructed about principals, aiders and abettors, accomplices, the natural and probable consequences doctrine, the felony-murder rule, conspiracy, or any theory of imputed malice.

**Convictions and Sentence**

On August 9, 2013, the jury found appellant guilty of count 1, premeditated attempted murder, and count 2, possession of a firearm by a felon. The jury found true the personal use and discharge enhancements attached to count 1, and gang enhancements for both counts. Appellant admitted the prior conviction allegations.

On February 13, 2014, the court held the sentencing hearing and imposed an aggregate term of 25 years plus 45 years to life, based on 15 years to life for count 1, tripled to 45 years to life pursuant to the "Three Strikes" law (§ 667, subd. (e)(2)(A)(i)), plus 20 years for the section 12022.53, subdivision (c) personal discharge enhancement and five years for the prior serious felony enhancement. The court stayed the remaining terms and enhancements.

On appeal this court affirmed the judgment. (*People v. Castaneda* (Feb. 4, 2016, F069066) [nonpub. opn.].)

3.

**PETITION FOR RESENTENCING**

On June 27, 2022, appellant filed, in propria persona, a petition for resentencing pursuant to section 1172.6 (former § 1170.95 renumbered), and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that (1) he was eligible for resentencing because a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

On August 2, 2022, the court appointed counsel.

**The People's Opposition**

On September 30, 2022, the People filed opposition and argued appellant was ineligible for resentencing as a matter of law because the jury was not instructed on the natural and probable consequences theory, and the attempted murder instructions required the jury to find appellant acted with the specific intent to kill.

**The Court's Denial of the Petition**

On November 17, 2022, the court held a hearing on appellant's petition. Appellant was present with his attorney, who argued the petition established a prima facie case and an evidentiary hearing should be held. The prosecutor replied that appellant was ineligible for resentencing because the jury was not instructed on any imputed malice theories.

The court held appellant was ineligible for resentencing as a matter of law: "A review of the jury instruction[s] shows that the jury was not instructed by the trial judge on either the felony murder or the natural and probable consequences doctrines. [¶] The jury received the standard jury instructions for attempt[ed] murder and for premeditation." The court also issued a written order that stated the petition was denied for the same reasons.

On December 9, 2022, appellant filed a timely notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. In response to this court's order, appellant filed a supplemental brief. We review appellant's contentions.

## A. Appellant's arguments about his jury trial.

Appellant asserts that his petition should be granted because he raised the defense of "actual innocence," he was wrongfully convicted, and he has been unlawfully incarcerated because his convictions were the result of a "fundamental miscarriage of justice." Appellant further states his family would not have retained private counsel to represent him if he had committed the charged offenses.

Appellant's claims based on his jury trial and conviction are not cognizable in this appeal. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding.... The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v.*

*Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

**B.  Appellant's arguments about his petition.**

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The record of conviction includes the jury instructions.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251–1252; *People v. Offley* (2020) 48 Cal.App.5th 588, 599; *People v. Harden* (2022) 81 Cal.App.5th 45, 50, 54-55.)

Appellant contends he was not the actual shooter or an aider and abettor.  The jury was instructed that to find appellant guilty of attempted murder, it had to find he took a direct but ineffective step toward killing another person, and that he "intended to kill that person….  A direct step indicates a definite and unambiguous intent to kill."  "Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing."  (*People v. Lee* (2003) 31 Cal.4th 613, 623; *People v. Perez* (2010) 50 Cal.4th 222, 224.)  The instructions establish that appellant was convicted as the actual shooter who acted with the intent to kill, and not as an aider and abettor.

Appellant asserts he was convicted based on the natural and probable consequences doctrine.  As set forth above, however, the jury in this case was not instructed on that doctrine or any theory of imputed malice.

Appellant next declares that "[a]ll instructions to the jury were invalid" because the instructions permitted the jury to convict him based on imputed malice.  The jury was not instructed on any theory of imputed malice.

Appellant asserts the statutory procedures regarding the admission of evidence at an evidentiary hearing under section 1172.6 violate his due process right to prove his actual innocence.  Appellant was not entitled to an evidentiary hearing because he failed

to establish the prima facie showing required by section 1172.6 since he was ineligible for resentencing as a matter of law.

Finally, appellant requests this court to independently review the record because the court summarily denied his petition and violated his due process rights. The court did not summarily deny his petition. The court complied with section 1172.6 and appointed counsel, provided for further briefing, conducted a hearing on the petition, heard arguments from the parties, stated reasons for issuing its order to deny the petition, and filed an order that restated those reasons. (§1172.6, subds. (b), (c).) The trial court correctly found appellant was ineligible for resentencing as a matter of law.

## DISPOSITION

The court's order of November 17, 2022, denying appellant's section 1172.6 petition for resentencing, is affirmed.